UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JEHMELL WRIGHT,
    *Plaintiff*,

v.

MATTHEW P. STEPHENS
    *Defendant*.

No. 3:17-cv-01499 (MPS)

## RULING ON MOTION TO DISMISS

Jehmell Wright filed this civil rights action against Matthew P. Stephens, "a Trooper employed by the Connecticut State Police and assigned to the Bethany State Police Barracks," alleging that Stephens maliciously prosecuted him. (ECF No. 1 at ¶ 4.) Wright seeks compensatory and punitive damages and attorney's fee and costs. Stephens has moved to dismiss Wright's complaint, arguing that Wright has failed to state a claim for malicious prosecution. (ECF No. 13 at 1.) For the reasons stated below, I GRANT Stephens's motion to dismiss, but I grant Wright leave to amend his complaint.

### I. Background

Wright makes the following factual allegations in his complaint. (ECF No. 1.) On May 2, 2013, just prior to 9:30 p.m. on Route 69 in Bethany, Connecticut, Stephens arrested Wright "without a warrant and charged him with the crime of operating a motor vehicle while under the influence of alcohol or drugs." (*Id.* at ¶ 6.) Stephens took Wright into custody "and transported him to police headquarters for booking and processing." (*Id.* at ¶ 7.) Stephens prepared an official incident report. (*Id.* at ¶ 8.) Stephens "caused [the incident report] to be transmitted" to the State's Attorney's office in New Haven "for the purpose of causing," Wright to be prosecuted on the "serious criminal charge." (*Id.* at ¶¶ 8–9.) Wright was innocent of the charge,

1

and Stephens "knew, or should have known, that he was innocent." (*Id.* at ¶ 9.) "For a considerable period of time," Wright was incarcerated because he could not "post the high cash bail bond" the court set. (*Id.* at ¶ 10.) The court set the high bond "in part[,] because the court believed that the allegations of . . . [Stephens's] aforesaid report were probably true." (*Id.*)

On June 22, 2015, the prosecuting attorney nolled the charge against Wright "because he expressly stated to the court that he could not prove . . . [Wright's] guilt." (*Id.* at ¶ 11.) "In the manner aforesaid, . . . [Stephens] deprived . . . [Wright] of his right to be free from malicious prosecution." (*Id.* at ¶ 12.) On September 6, 2017, Wright filed a complaint against Stephens in this Court. (ECF No. 1.) On October 6, 2017, Stephens filed a motion to dismiss under Rule 12(b)(6). (ECF No. 12.)

**II. Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(6), the Court must determine whether the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Under *Twombly*, the Court accepts as true all of the complaint's factual allegations—but not conclusory allegations—when evaluating a motion to dismiss. *Twombly*, 550 U.S. at 572. The Court must "draw all reasonable inferences in favor of the non-moving party." *Vietnam Ass'n for Victim of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008). "When a complaint is based solely on wholly conclusory allegations and provides no factual support for such claims, it is appropriate to grant defendants['] motion to dismiss." *Scott v. Town of Monroe*, 306 F. Supp. 2d 191, 198 (D. Conn. 2004). For a complaint to survive a motion to dismiss, "[a]fter the court

strips away conclusory allegations, there must remain sufficient well-pleaded factual allegations to nudge plaintiff's claims across the line from conceivable to plausible." *In re Fosamax Products Liab. Litig.*, No. 09-cv-1412 (JFK), 2010 WL 1654156, at *1 (S.D.N.Y. Apr. 9, 2010).

**III. Analysis**

Stephens asserts three reasons that the motion to dismiss should be granted. First, he argues that Wright's allegation that, after the arrest, he was imprisoned "for a considerable period of time . . . because of his inability to post the high cash bail bond which had been set upon him by the court," fails to specify whether Wright was incarcerated before or after his arraignment (ECF No. 13 at 6), a critical juncture in a malicious prosecution claim. Second, Stephens argues that Wright "failed to allege any fact sufficient to support" the first element of malicious prosecution under Connecticut law, i.e., that "the defendant initiated or procured the institution of criminal proceedings against the plaintiff," because Wright failed to allege that Stephens played an "essential or influential role in seeking or procuring the [charge]." (*Id.* at 6–7.) Finally, Stephens argues that "the mere boilerplate assertion that '[t]he plaintiff was innocent of the said charge and the defendant knew, or should have known, that he was innocent,' is not sufficient to state a viable claim for malicious prosecution." (*Id.* at 9.)

I agree with Stephens's first argument and grant his motion to dismiss. However, because I grant Wright leave to amend his complaint, I will also address Stephens's last two arguments.

A. <u>The Complaint Fails to Allege a Post-Arraignment Deprivation of Liberty</u>

"It is well settled that in order to prevail on a Section 1983 claim against a state actor for malicious prosecution a plaintiff must show a violation of his [or her] rights under the Fourth Amendment and establish the elements of a malicious prosecution claim under state law."

3

*Holman v. Cascio*, 390 F. Supp. 2d 120, 122 (D. Conn. 2005) (citing *Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir. 2002)). In Connecticut,

> the elements of a malicious prosecution claim are that (1) the defendant[s] initiated or procured the institution of criminal proceedings against the plaintiff[s]; (2) the criminal proceedings have terminated in favor of the plaintiff[s]; (3) the defendant[s] acted without probable cause; and (4) the defendant[s] acted with malice, primarily for the purpose other than that of bringing an offender to justice.

*Turner v. Boyle*, 116 F. Supp. 3d 58, 84 (D. Conn. 2015) (citations and internal quotation marks omitted).

For a plaintiff to allege a cause of action for malicious prosecution under § 1983, the plaintiff must show a "deprivation[] of liberty pursuant to legal process—meaning either post-arraignment or as a result of arrest pursuant to warrant. Deprivations of liberty from the moment of warrantless arrest until arraignment are not pursuant to legal process, and therefore implicate the separate tort of false arrest." *Warner v. Freeman*, No. 3:14cv1192 (DFM), 2017 WL 4227655, at *2 (D. Conn. Sept. 22, 2017) (quoting *Coleman v. City of New York*, 688 Fed. App'x 56, 58 n.1 (2d Cir. 2017)); *see also Harasz v. Katz*, 239 F. Supp. 3d 461, 477 (D. Conn. 2017) ("To state a malicious prosecution claim under Section 1983, a plaintiff must also plead that he suffered a post-arraignment liberty restraint sufficient to implicate his Fourth Amendment rights." (quoting *Turner*, 116 F. Supp. 3d at 85)).

When an officer makes an arrest without a warrant, the distinction between pre-arraignment and post-arraignment deprivations of liberty separates a claim of false arrest from a claim of malicious prosecution. *See Singer v. Fulton Cty. Sheriff*, 63 F.3d 110, 117 (2d Cir. 1995) ("Typically, a warrantless deprivation of liberty from the moment of arrest to the time of arraignment will find its analog in the tort of false arrest . . . . [The plaintiff's] arrest [could not]

4

serve as the predicate deprivation of liberty because it occurred prior to his arraignment and without a warrant, and therefore was not 'pursuant to legal process.'").

A plaintiff's "[f]ailure to adequately allege a post-arraignment deprivation of liberty results in the dismissal of a Section 1983 malicious prosecution claim." *Norton v. Town of Islip*, 97 F. Supp. 3d 241, 263 (E.D.N.Y. 2015) (dismissing Section 1983 malicious prosecution claim because of the plaintiff's failure to provide dates of the alleged court appearances that constituted the plaintiff's post-arraignment deprivation of liberty); *see also Mazzone v. Town of Southampton*, 283 F. Supp. 3d 38, 54 (E.D.N.Y. 2017) (dismissing Section 1983 malicious prosecution claim because "no detail [was] provided regarding [the plaintiff's court] appearances, including whether they were pre-arraignment or post-arraignment.").

Wright alleges that Stephens arrested him without a warrant, charged him, transported him to police headquarters, and booked and processed him. (ECF No. 1 at ¶¶ 6–8.) He alleges that he was then held in custody "because of his inability to post the high cash bail bond which had been set upon him by the court." (*Id.* at ¶ 10.) However, Wright fails to allege when he was arraigned, i.e., when he entered a plea. *See Black's Law Dictionary* (9th ed. 2009) (defining "arraignment" at "[t]he initial step in a criminal prosecution whereby the defendant is brought before the court to hear the charge and to enter a plea."). Wright provides only two dates in his complaint: (1) May 2, 2013, the date Stephens arrested Wright; and (2) June 22, 2015, the date the prosecuting attorney nolled Wright's DUI charge. (*Id.* at ¶¶ 6, 11.) Further, although the complaint alleges the court set a bond, that could have occurred before the arraignment. Even drawing all reasonable inferences in his favor, I cannot reasonably conclude that Wright's deprivation of liberty—his incarceration—occurred after his arraignment because he does not

5

allege when, if at all, his arraignment occurred. However, I grant Wright leave to amend his complaint to address this flaw.

B. The Complaint Adequately Alleges Initiation or Procurement of Criminal Proceedings

The Second Circuit has held that "[w]hile police officers do not generally commence or continue criminal proceedings against defendants, a claim for malicious prosecution can still be maintained against a police officer if the officer is found to play an active role in the prosecution." *Bermudez v. City of New York*, 790 F.3d 368, 377 (2d Cir. 2015) (quotations omitted). For example, showing that an officer "g[ave] advice and encouragement[,] . . . importun[ed] the authorities to act[] . . . generated witness statements or was regularly in touch with the prosecutor regarding the case" are indicative of an officer playing an active role in the prosecution. *Id.*; *see Butler v. Hesch*, 286 F. Supp. 3d 337, 356–57 (N.D.N.Y. 2018) (holding that a plaintiff who claimed the defendants actively elicited inculpatory statements by interrogating witnesses for multiple hours and coerced them to sign a false sworn statement plausibly alleged that the defendants initiated or procured a criminal prosecution against the plaintiff). A plaintiff must allege that the officer did "more than report the crime or give testimony." *Manganiello v. City of New York*, 612 F.3d 149, 163 (2d Cir. 2010); *Breeden v. City of New York*, No. 09-CV-4995 (ARR)(JMA), 2014 WL 173249, at *10 (E.D.N.Y. Jan. 13, 2014) ("Plaintiffs have . . . succeeded where they demonstrated that the officer . . . created false information and forwarded it to the prosecutors or . . . initiated the proceeding by having the plaintiff arraigned, filling out complaining and corroborating affidavits, or signing sworn felony complaints."); *see Ying Li v. City of New York*, 246 F. Supp. 3d 578, 605 (E.D.N.Y. 2017) (finding that a plaintiff plausibly alleged that the detective defendant initiated the prosecution

"because the Amended complaint allege[d] that [the defendant] swore to the criminal complaint.").

In his complaint, Wright alleges that, although Stephens knew, or should have known, he was innocent, Stephens charged him and prepared "an official incident report . . . which he caused to be transmitted to the office of the State's Attorney in New Haven for the purpose of causing . . . [Wright] to be prosecuted on the aforesaid charge." (ECF No. 1 at ¶¶ 6–9.) Thus, the complaint appears to allege that Stephens initiated or procured the prosecution against Wright by knowingly transmitting false information to the State's Attorney's office in New Haven for the purpose of causing Wright to be prosecuted. Though barebones, this allegation is sufficient to plausibly allege initiation or procurement of criminal proceedings.

C. The Complaint Adequately Alleges Lack of Probable Cause

A prosecution supported by probable cause serves as a complete defense to a claim of malicious prosecution. *Turner*, 116 F. Supp. 3d at 86 ("The existence of probable cause is a complete defense to a claim of malicious prosecution."). Courts evaluate the probable cause element of a malicious prosecution claim "on the totality of the circumstances," *Butler*, 286 F. Supp. 3d at 359, and as of the time that an officer initiates criminal proceedings against the arrestee, *Lombardi v. Myers*, 3:14-cv-1687 (VAB), 2016 WL 4445939, at *4 (D. Conn. Aug. 18, 2016); *see also Cafasso v. Nappe*, 3:15-CV-920 (MPS), 2017 WL 4167746, at *3 (D. Conn. Sept. 20, 2017) ("For a malicious prosecution claim, the existence of probable cause is assessed in light of the facts known or reasonably believed at the time the criminal proceedings began, not at the time of the arrest.").

The plaintiff bears the burden of proving "affirmatively, by circumstances or otherwise, that the defendant had no reasonable ground for instituting the criminal proceeding." *Cafasso v.*

*Nappe*, No. 3:15-cv-00920 (MPS), 2016 WL 1337308, at *2 (D. Conn. Apr. 5, 2016) (quoting *Bhatia v. Debek*, 287 Conn. 397, 410–11 (2008)).

Wright alleges that Stephens "knew, or should have known, that he was innocent" and that he knowingly prepared a false report and submitted it to the prosecutor. (ECF No. 1 at ¶ 9.) Drawing all reasonable inferences in Wright's favor, I find that the complaint alleges that Stephens acted without probable cause when he prepared a false official incident report and sent it to the State's Attorney's office in New Haven even though he knew, or should have known, Wright was innocent of the DUI charge.

**IV.     Conclusion**

For the reasons stated above, Stephens's motion to dismiss is GRANTED, but I grant Wright leave to amend his complaint. Any amended complaint must be filed **within 21 days** of the date of this order.

It is SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated:      Hartford, Connecticut
            July 3, 2018